## HUBER v. WILSON et al.

*(Supreme Court, General Term, First Department.    October 24, 1890.)*

1. PLEADING—COMPLAINT—OBJECTIONS WAIVED BY SERVICE OF ANSWER.
    An objection to a complaint on the ground that its allegations are indefinite is waived by service of an answer.

2. SAME—SUFFICIENCY OF COMPLAINT.
    The complaint in an action for injuries sustained while unloading a vessel averred that the unloading was "under the sole care, supervision, and control and management of the defendant W.," who had employed plaintiff as a day-laborer in behalf of the owner; that while plaintiff was adjusting lumber in the slings to be hauled on deck, and acting under orders of W., the logs were suddenly started, striking plaintiff to his injury; and that this was caused by the recklessness, carelessness, and negligence of defendants, to which plaintiff had in no manner contributed. *Held*, that these statements, although indefinite, presented a right of action against defendant W.

3. NEGLIGENCE—SUFFICIENCY OF EVIDENCE.
    Upon the trial it appeared that the lumber was taken from the hold by a chain and rope attached to a steam-winch; that two of the timbers had not been evenly arranged in the sling; that plaintiff, under the directions of W., proceeded to arrange them evenly, and just as that had been done, W. gave the order to the person in charge of the winch to go ahead; and that, before plaintiff could get in a place of safety, he was struck by the timber, and received the injuries complained of. Plaintiff and two witnesses, who were in the hold with W., testified that the order which started the engine was given without preceding notice. This was denied by W. *Held*, that a verdict in favor of plaintiff and against W. would not be disturbed.

Appeal from circuit court, New York county.

Action by George Huber against the Ocean Steam-Ship Company of Savannah, Ga., and William Wilson, to recover for injuries sustained while unloading lumber out of the steam-ship Dessong. After all the evidence on the part of plaintiff was in, the complaint was dismissed as against the steam-ship company. The jury returned a verdict against defendant Wilson for $1,250, and he now appeals from the judgment entered thereon.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Nathan Bijur,* for appellant.    *Guillim & Meyer,* for respondent.

DANIELS, J. So much of the complaint as stated a cause of action against the Ocean Steam-Ship Company of Savannah, was dismissed at the close of the plaintiff's case for want of evidence to sustain it, and the action then proceeded against the individual defendant who was finally held liable by the verdict. At the opening of the case the court was asked for its dismissal by the counsel for this defendant, because there was no allegation connecting him with the injury received by the plaintiff, and at the close of his evidence another motion was made for a dismissal in his behalf for want of evidence proving him to have been negligent. Each motion was denied, and the de-

fendant's counsel excepted to the denials, and these exceptions present all that will require examination for the decision of the appeals. The complaint was neither pointed nor explicit in its allegations of the cause of action which was held at the trial to have been maintained by the evidence, but it did aver the unloading of the steamer Dessong, during which the plaintiff received his injury, to have been "under the sole care, supervision, and control and management of the defendant William Wilson;" that he had employed the plaintiff as a day-laborer in and about this work, at daily wages to be paid by him, in behalf of the company, and while the plaintiff was adjusting lumber in the slings to be hauled on deck, and acting under the orders of this defendant, it was alleged that the logs in the sling were suddenly started, and struck him in his foot and ankle, thereby breaking his leg; and that this was caused by the reckless carelessness and negligence of the defendants to which the plaintiff had in no manner contributed. These statements, aided by the inferences which they supported, did present all the essential facts necessary to create a right of action, but at the same time they were not made with that degree of definiteness which the rules of good pleading have required; but for that defect, a dismissal of the case is not the remedy which has been provided. The defendant was still at liberty to take issue with the allegations, and proceed to trial upon them as they had been made. If he had not been so disposed, a motion was available to him to make the complaint more definite and certain; but the right to assail it in that manner was lost by the service of his answer. That was a waiver of the defect and an election to go to trial on the pleading as it was, and which, from his position and participation in the business, he could very well do, without any danger of surprise from the proof. There was therefore no legal ground remaining on which the complaint could have been dismissed because of any deficiencies in its statements.

There were two decks above the hold of the steamer in which the plaintiff was at work when the accident took place. The timber to be taken from the hold to the upper deck was from 35 to 40 feet in length, and 3 or 4 inches thick, by about 4 inches wide, and it was taken from the hold to the deck by a chain and rope attached to a steam engine or winch near the open hatchway of the outside deck. Two of these timbers were in what was called the "sling," to be drawn upon deck by the power of the engine, but they had not been evenly arranged, and the evidence was that the defendant directed the plaintiff to arrange the timbers evenly, and that he proceeded to do so, and, just as that had been done, that he gave the order to go ahead, which was obeyed by the person in charge of the engine before the plaintiff could so far leave his position as to be in one of safety, and that he was struck by the timber, receiving from the blow a fracture of the small bone of his left leg, by which he was for many months afterwards disabled. It is the act of giving this order, and thereby starting the movement of the timber, without any preceding warning, that was relied upon as negligent and improper. That the order was given without preceding admonition or notice was denied by the defendant in the testimony given by him, but as the evidence of the witnesses Denicks, Heissenbittle, and the plaintiff was decidedly in support of the fact, as it has been stated, and that the timbers were started with a jerk, there was sufficient, notwithstanding this denial, to produce the conviction in the minds of the jurors that there was carelessness on the part of the defendant, which was the cause of the plaintiff's injury. These persons were in the hold at the time with the defendant, and so situated as to hear and observe what was the subjects of their testimony. There was no reason for rejecting their statements, and those statements were sufficient, when they were believed, as they were by the jury, not only to attribute the accident to the premature order of the defendant, but at the same time to exonerate the plaintiff from the charge of negligence on his part. There was no act ap-

parently that he could do, after the order to go ahead was given, by which, he could have avoided the injury, and that the sudden movement of the timber while he was in the position in which the evidence stated he was would place him in immediate danger might well have been anticipated by the defendant from his ability to observe and understand the situation existing at time, and the direction the timber in starting would naturally take. The judgment and order are well sustained, and they should be affirmed. All concur.